IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARCO T. DIAZ, JUAN VICTOR GARCIA, HECTOR GOMEZ, and JOSE YAX YAX, <br>      Plaintiffs, <br><br> V. <br><br> MASCALZONE TEXAS, L.L.C. AND MASCALZONE WASHINGTON, L.L.C., <br>      Defendants. | § § § § § § § § § § § § | <br><br><br><br><br> CIVIL ACTION NO. 4:17-cv-0432 <br><br><br><br> JURY DEMANDED |

### PLAINTIFFS' ORIGINAL COMPLAINT

This is an action arising under the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §201 *et seq.* ("FLSA"). This action is brought to recover unpaid minimum wages and overtime compensation, liquidated damages, costs, and attorney's fees owed to Plaintiffs Marco T. Diaz, Juan Victor Garcia, Hector Gomez and Jose Yax Yax (collectively, "Plaintiffs"), by Defendants Mascalzone Texas, L.L.C. and Mascalzone Washington, L.L.C.

### Parties

1.  Plaintiffs Victor T. Diaz ("Diaz"), Juan Victor Garcia ("Garcia"), Hector Gomez ("Gomez") and Jose Yax Yax ("Yax") are former employees of the Defendants. Plaintiffs worked in the kitchen of Defendant's business, an Italian Restaurant.

2.  Defendant Mascalzone Texas, L.L.C., ("Mascalzone") is a Texas limited liability company that employed the Plaintiffs. With respect to Plaintiffs, Mascalzone is subject to the provisions of the FLSA, as it was at all relevant times an enterprise engaged in interstate commerce. Defendant Mascalzone Texas, LLC may be served with process through its registered agent, Arash Darvish-Kojori, at 13600 Barton Ridge St., Bldg. 18B, Houston, Texas 77070 or 811 Town & Country Blvd. #302, Houston, Texas 77024 or wherever he may be found.

3.  Defendant Mascalzone Washington, L.L.C., ("Mascalzone Washington") is a Texas limited liability company that employed the Plaintiffs. With respect to Plaintiffs, Mascalzone is subject to the provisions of the FLSA, as it was at all relevant times an enterprise

engaged in interstate commerce.  Defendant Mascalzone Washington, LLC may be served with process through its registered agent, Arash Darvish-Kojori, at 13600 Barton Ridge St., Bldg. 18B, Houston, Texas 77070 or 811 Town & Country Blvd. #302, Houston, Texas 77024 or wherever he may be found.

## Jurisdiction and Venue

4. This Court has federal question jurisdiction under the FLSA, and venue is proper as Defendants and Plaintiffs reside within this district.  At all times pertinent to this Complaint, Defendants constituted an enterprise engaged in interstate commerce, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet, and utilizing utensils, goods and ingredients that moved through interstate commerce.  Upon information and belief, Defendants conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes).

## Factual Allegations

5. Marco T. Diaz worked as a line cook for Defendants from November of 2016 until January of 2017.  In his position, Diaz's duties included but were not limited to preparing food, taking orders from the head chef, keeping the kitchen clean, keeping track of and ordering inventory, receiving and storing kitchen supplies and inventory.  Diaz consistently worked over 40 hours per week.  Diaz was paid the same hourly rate for all hours worked ("straight time").  He was not paid one and one-half times his regular rate of pay for the hours over 40 that he worked in a week.  Mr. Diaz was also not paid his last paycheck, meaning that he was not paid the required minimum hourly wage of $7.25 for the hours worked during the last pay period he was employed.

6. Juan Victor Garcia worked as a dishwasher/pasta preparer for Defendants from 2014 until January of 2017.  In his position, Garcia's duties included but were not limited to making pastas from scratch, preparing the pastas on a daily basis, keeping his area of the kitchen clean, picking up and washing dishes.  Garcia consistently worked over 40 hours per week.  Garcia was paid the same hourly rate for all hours worked ("straight time").  He was not paid one

and one-half times his regular rate of pay for the hours over 40 that he worked in a week. Mr. Garcia was also not paid his last paycheck, meaning that he was not paid the required minimum hourly wage of $7.25 for the hours worked during the last pay period he was employed.

7.      Hector Gomez worked as a dishwasher for Defendants from November of 2016 until January of 2017. In his position, Gomez's duties included but were not limited to cleaning seafood, maintaining his area of the kitchen clean, picking up and washing dishes. Gomez consistently worked over 40 hours per week. Gomez was paid the same hourly rate for all hours worked ("straight time"). He was not paid one and one-half times his regular rate of pay for the hours over 40 that he worked in a week. Mr. Gomez was also not paid his last paycheck, meaning that he was not paid the required minimum hourly wage of $7.25 for the hours worked during the last pay period he was employed.

8.      Jose Yax Yax worked as a dishwasher for Defendants from October 20, 2016 until January of 2017. In his position, Yax's duties included but were not limited to cleaning seafood, maintaining his area of the kitchen clean, picking up and washing dishes. Yax consistently worked over 40 hours per week. Yax was paid the same hourly rate for all hours worked ("straight time"). He was not paid one and one-half times his regular rate of pay for the hours over 40 that he worked in a week. Mr. Yax was also not paid his last paycheck, meaning that he was not paid the required minimum hourly wage of $7.25 for the hours worked during the last pay period he was employed.

9.      Defendants are a joint enterprise, and joint employers of the Plaintiffs. In addition to their name, Defendants share common ownership and control and are so intertwined that they are a joint enterprise/ joint employers of the Plaintiffs.

10.     At all times relevant hereto, the Defendants knew of, approved of, and benefited from Plaintiffs' regular and overtime work.

11.     Plaintiffs were entitled to be paid one and one-half times their regular rate of pay for all hours they worked in excess of 40 hours each workweek, and the minimum wage for all hours worked during Plaintiffs' last pay period. Defendants' practice of failing to pay this

premium for all overtime hours worked and for payment of the minimum wage was and is in violation of the FLSA.

12. No exemption excuses the Defendants from paying Plaintiffs the overtime rates for all hours worked over 40 per workweek and for paying the Plaintiff the minimum wage for all hours worked. In addition, the Defendants have not made a good faith effort to comply with the FLSA. As such, the Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding minimum wage and overtime compensation with respect to Plaintiffs. Such practices were and are clear violations of the FLSA.

## CAUSE OF ACTION

### Violation of the FLSA – Failure to Pay Minimum and Overtime Wages Owed

13. Based on the foregoing, Defendants violated the FLSA by failing to properly compensate Plaintiffs for work performed in the employ of the Defendants.

14. Plaintiffs have suffered damages as a direct result of Defendants' illegal actions.

15. Defendants are liable to Plaintiffs for all unpaid minimum wage and overtime compensation, liquidated damages, attorney's fees and costs.

### Jury Demand

16. Plaintiffs demand a trial by jury.

### Prayer for Relief

WHEREFORE, Plaintiffs demand:

1. Judgment against Defendants for an amount equal to Plaintiffs' minimum wages and overtime pay at the applicable rates;
2. Judgment against Defendants that their violations of the FLSA were willful;
3. An amount equal to the actual damages as liquidated damages;
4. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
5. All costs and attorney's fees incurred prosecuting these claims;
6. Leave to amend to add claims under applicable law; and
7. Such further relief as the Court deems just and equitable.

Respectfully Submitted,

**THE BUENKER LAW FIRM**

*/s/ Josef F. Buenker*
Josef F. Buenker
TBA No. 03316860
jbuenker@buenkerlaw.com
2030 North Loop West, Suite 120
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile
**ATTORNEY-IN-CHARGE FOR PLAINTIFFS**

**OF COUNSEL:**
Vijay Pattisapu
TBA No. 24083633
S.D. Tex. No. 1829615
vijay@buenkerlaw.com
**THE BUENKER LAW FIRM**
2030 North Loop West, Suite 120
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile
**ATTORNEY FOR PLAINTIFFS**